## Commonwealth ex rel. v. Bowers

*Robert J. Puderbaugh*, for Commonwealth.
*John J. Haberstroh*, for defendant.

PATTERSON, P. J., July 24, 1936.—This is an action of desertion and nonsupport for an order of maintenance for the wife. At a session of court held on July 15, 1935, the defendant was directed to pay to his wife the sum of $38 per month until further order of the court. Through counsel at that time, motion was made to dismiss the prosecution for the reason that an article of agreement had been entered into by the parties providing for a maintenance order and the distribution of property. The question to be determined at this time is whether or not the agreement referred to is a bar to this proceeding.

In the case of Commonwealth v. Richards, 131 Pa. 209, 218, relied upon by the defendant, the Supreme Court has said:

". . . but the undoubted weight of authority is that there may be a valid agreement for the separation directly between husband and wife . . . which the courts will sanction. . . . If the object of the agreement is actual and immediate, if the terms are reasonable, and it is actually carried into effect by both parties in good faith, it will be as binding upon the wife as upon her husband."

Other cases hold that a valid agreement of separation may bar an order for support. There seems to be no question about the application of this rule in a proper case.

However, an examination of the agreement in the present case makes the rule in the Richards' case, supra, inapplicable. The Richards' agreement provided:

"Whereas divers disputes and unhappy differences have arisen between the said party of the first part and his said wife, for which reason they have consented and agreed to live separate and apart from each other during their natural lives; therefore, this indenture witnesseth, that the said party of the first part, in consideration of the premises and in pursuance thereof, doth hereby covenant, promise and agree to and with his said wife, that it shall and may be lawful for her, his said wife, at all times hereafter to live separate and apart from him", etc., with the same privilege provided for the husband.

In the present case there is no reference to a separation or any agreement to live separate and apart. The agreement reads as follows:

"AGREEMENT made this 14th day of June, A. D. 1933, by and between James E. Bowers, party of the first part, hereinafter designated as the husband, and Katharine Bowers, party of the second part, hereinafter designated as the wife, both of the City of Altoona, County of Blair, and State of Pennsylvania.

"NOW THIS INDENTURE WITNESSETH, that in pursuance of the said agreement, and for the considerations herein appearing, the said husband doth hereby so far as the agreements and provisions hereinafter contained are or ought to be performed or observed by him, covenant with the said wife; and the said wife does hereby, so far as the agreements and provisions hereinafter contained are or ought to be performed or observed by the said wife, covenant with the said husband in manner following, that is to say:

"1. The said husband shall during the joint lives of himself and said wife, pay to her, the said wife, the sum of Forty-five ($45) Dollars per month, which shall be paid in manner following", etc.

The other paragraphs of said agreement refer to a division of real estate held by entireties, the division of personal property, including an automobile, rents from real estate, furniture, and expenses to be provided for the maintenance of real estate. Nowhere do the parties agree to live separate and apart, and so far as the terms of said agreement are concerned the parties may still be living together. It concerns property rights only and does not in any way relieve the husband from a prosecution for desertion and nonsupport. It is not a separation agreement.

The motion to vacate the order for maintenance and to quash the prosecution is hereby refused.

From Robert W. Smith, Hollidaysburg.